DISTRICT OF COLUMBIA,
etc., Petitioner,

v.

Douglas M. COSTLE, Administrator, Environmental Protection Agency and Environmental Protection Agency, etc., Respondents,

Washington Area Bicyclist Assoc., Inc., Metropolitan Washington Coalition for Clean Air, Inc., Breathers For the Reduction of Atmospheric Hazards To The Environment, Intervenors.

The COUNTY OF PRINCE WILLIAM, VIRGINIA, Petitioner,

v.

ENVIRONMENTAL PROTECTION AGENCY, Respondents.

STATE OF MARYLAND, Petitioner,

v.

Douglas M. COSTLE, Administrator, and Environmental Protection Agency, Respondents,

District of Columbia, a Municipal Corp. and Washington Area Bicyclist Assoc. et al., Intervenors.

CITY OF FAIRFAX, a Municipal Corporation, Petitioner,

v.

Douglas M. COSTLE, Administrator, and Environmental Protection Agency, Respondents.

CITY OF ALEXANDRIA, a Municipal Corporation of Virginia, Petitioner,

v.

Douglas M. COSTLE, Administrator, and Environmental Protection Agency, Respondents.

COMMONWEALTH OF VIRGINIA ex rel. the STATE AIR POLLUTION CONTROL BOARD, Petitioner,

v.

Douglas M. COSTLE, Administrator, and Environmental Protection Agency, Respondents.

Nos. 74–1013, 74–1575 and 74–1579 to 74–1582.

United States Court of Appeals, District of Columbia Circuit.

Nov. 10, 1977.

Before MacKINNON and ROBB, Circuit Judges and A. SHERMAN CHRISTENSEN,* United States Senior District Judge for the District of Utah.

Opinion Per Curiam.

## OPINION ON REMAND

PER CURIAM.

In 1975, this Court decided *District of Columbia, et al. v. Train,* 172 U.S.App.D.C. 311, 521 F.2d 971 (1975), which upheld in part and vacated in part transportation control regulations promulgated by the Administrator of the EPA. This case, along with decisions of the Fourth and Ninth Circuits,[1] was considered by the Supreme Court in *Environmental Protection Agency v. Brown,* 431 U.S. 99, 97 S.Ct. 1635 (1977). The Court vacated the judgments of all three circuits and remanded the cases to the respective courts for consideration, *inter alia,* of the question of mootness. On August 7, 1977 the Congress enacted extensive amendments to the basic act (Clean Air Act Amendments of 1977, Pub.L.No. 95–95, 91 Stat. 685 (Aug. 7, 1977)). On remand we issued our opinion of August 19, 1977, finding that the controversy addressed in our 1975. opinion was moot and dismissing the appeals. Various motions have since been filed with respect to our August 19, 1977 disposition and upon reconsideration thereof we vacate our August 19, 1977 opinion in *District of Columbia, et al. v. Costle,* Nos. 74–1013, et al., and replace it with the following orders.

### I. THE BICYCLE LANE AND RETROFIT REGULATIONS

■ With respect to the regulations[2] concerning the creation of a network of

---

* Sitting by designation pursuant to Title 28 U.S.C. § 294(d).

1. *Brown v. EPA,* 521 F.2d 827 (9th Cir. 1975); *Arizona v. EPA,* 521 F.2d 825 (9th Cir. 1975); *Maryland v. EPA,* 530 F.2d 215 (4th Cir. 1975).

2. The disputed regulations are reprinted as an appendix to our decision in *District of Columbia v. Train, supra,* at 999–1024.

bicycle lanes and the regulations concerning retrofit of various classes of vehicles, our 1975 opinion held:

> To the extent that the bicycle lane and storage facilities regulations order the states to enact statutes and regulations, they are vacated as in excess of the Administrator's powers under the Clean Air Act. The remainder of the bicycle lane regulations are remanded to the Administrator because of an absence of evidence in the record supporting the need for such facilities and their feasibility.

172 U.S.App.D.C. at 338, 521 F.2d at 998. In the same opinion with respect to the retrofit regulations, we held:

> The . . . retrofit regulations are vacated to the extent that they have been held to be in excess of the Administrator's powers under the Act or to be unconstitutional, and are affirmed to the extent they prohibit the states from registering non-conforming vehicles and prohibit vehicle owners from operating them. These . . . regulations are remanded to the Administrator with directions that he take prompt action to promulgate complete and enforceable regulations to replace the deficient implementation plans submitted by the states.

172 U.S.App.D.C. at 338–9, 521 F.2d at 998–99.

These decisions with respect to the retrofit and bicycle lane regulations were not appealed to the Supreme Court. In fact, *no action* has been taken with respect to these regulations since we issued our 1975 opinion. Since our decisions referred to above were not appealed, we order the reinstatement of our 1975 judgment with respect to retrofit and bicycle lane regulations, and that said portion of the case be remanded to the Agency for reconsideration and modification of the regulations in accordance with our aforesaid 1975 opinion and as may be legally required by subsequently enacted legislation.[3]

## II. BUS LANES

■ Our 1975 opinion affirmed the regulations concerning the establishment of exclusive bus lanes, 521 F.2d at 998. Virginia appealed, *inter alia*, our holding on bus lanes.[4] The Supreme Court, in vacating our judgment and remanding the case to determine whether it was moot, did not refer to any change of position, any modification by the Agency, or any other factor that suggests our decision with respect to the bus lanes should be altered in any respect. It appearing that Virginia's concern with respect to bus lanes is not moot, we reaffirm our 1975 holding on bus lanes and remand this portion of the case to the Agency for such consideration as may be legally required,[5] so that the Agency might issue a final order setting forth its decision thereon.[6]

## III. VEHICLE INSPECTION AND MAINTENANCE

■ With respect to the regulations concerning vehicle inspection and maintenance, our 1975 opinion held:

---

3. Specifically, we take notice of the Clean Air Act Amendments of 1977, Pub.L.No. 95–95, 91 Stat. 685 (Aug. 7, 1977), but we express no opinion on the impact of these amendments on the issues presented by this case. Our disposition in this part of our opinion on remand contemplates that the Administrator will afford the various parties the opportunity to comment upon the proposed modifications of the regulations we vacated in part in 1975. This will allow the parties to explore fully the impact of the Clean Air Act Amendments of 1977 upon the proposed regulations. If at the end of such proceedings, one or more of the parties remains dissatisfied with the resulting action then that party or parties will, of course, be free to petition this court for review of the regulations.

4. The Supreme Court's opinion in *EPA v. Brown* states: "In addition, we granted the petition for certiorari of the State of Virginia on its challenge to the regulations which the District of Columbia Circuit had upheld." 431 U.S. at 103, 97 S.Ct. at 1637. We upheld portions of some of the other regulations, as discussed above, and we treat those other aspects of Virginia's petition for certiorari under the headings dealing with those regulations.

5. *See* note 3 *supra*.

6. If not satisfied with the final order of the Agency, Virginia will, of course, be free to seek review of that decision.

The inspection and maintenance regulations . . . are vacated to the extent that they have been held to be in excess of the Administrator's powers under the Act or to be unconstitutional, and are affirmed to the extent they prohibit the states from registering non-conforming vehicles and prohibit vehicle owners from operating them. These latter regulations are remanded to the Administrator with directions that he take prompt action to promulgate complete and enforceable regulations to replace the deficient implementation plans submitted by the states.

172 U.S.App.D.C. at 338–9, 521 F.2d at 998–99. The Solicitor General petitioned the Supreme Court for review of this holding but challenged the judgments of all three circuit courts "only insofar as they invalidated the regulations requiring state inspection and maintenance programs." 431 U.S. at 103, 97 S.Ct. at 1637. Prior to argument, however, the Solicitor General conceded the necessity of removing from the regulations all requirements that the States submit legally adopted regulations, even though he insisted that the regulations contained no requirements that the states adopt laws. *Id.* Acting upon this representation, the Court stated: "We decline the federal parties' invitation to pass upon the EPA regulations, when the *only ones before us* are admitted to be in need of certain essential modifications. Such action on our part would amount to the rendering of an advisory opinion." 431 U.S. at 103–04, 97 S.Ct. at 1637 (emphasis added). The Court then vacated the judgment of this court and remanded the case, as described above.

On June 15, 1977, over a month after the Supreme Court's decision in *EPA v. Brown*, the EPA modified its inspection and maintenance regulations so as to remove (1) requirements that the states adopt regulations, (2) references to state legislative activity, and (3) certain details concerning implementation of the program and other administrative concerns. 42 Fed.Reg. 30504, 30507–09 (1977). It is our opinion that these modifications substantially modify those regulations previously in force which were the subject of this court's 1975 opinion and serve to alter the issues raised in the prior appeal to the extent of the changes described above. Therefore, most of the issues raised by the prior petition became moot; but some of the issues continue to be the subject of genuine controversy between the parties, and it therefore appears that the case is not moot in this respect. Therefore, the inspection and maintenance regulations aspect of the case is remanded to the Agency to permit the parties to pursue their administrative remedies on a new record.[7]

We have issued a separate order this day staying further proceedings in *District of Columbia v. Costle*, No. 77–1578, petition for review filed July 1, 1977; *Virginia v. EPA*, No. 77–1617, petition for review filed July 14, 1977; and *Maryland v. Costle*, No. 77–1622, petition for review filed July 15, 1977, until the termination of the Agency's proceedings on remand with respect to the inspection and maintenance regulations.

*So ordered.*

---

**7.** This disposition will enable the parties to evaluate the modified regulations in light of recent judicial and legislative developments. If after this consideration, one or more parties is dissatisfied with the regulations, that party or parties will be free to seek review of the regulations based upon the record assembled in that proceeding.